Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 60311.**—Wing Woh Lung Co. v. United States, protest 286907–K (New York)

Opinion by WILSON, J. In accordance with stipulation that the merchandise consists of spotted fish, packed in lard, which would now be classified at 12½ percent under paragraph 720 (b), as modified, *supra*, the claim of the plaintiff was sustained.

**No. 60312.**—The International Glass Co., Inc. v. United States, protests 212417–K, etc. (Minneapolis).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of chalk-white stones, faceted, similar in all material respects to those the subject of Abstract 59105, the claim of the plaintiff was sustained.

**No. 60313.**—Indestructible Pearl Bead Makers, Inc. v. United States, protests 278512–K and 278513–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of chalk-white stones, not faceted, similar in all material respects to those the subject of Abstract 59105, the claim of the plaintiff was sustained.

**No. 60314.**—J. & F. Jewelry Co., Inc., et al. v. United States, protests 283995–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letter "B" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

**No. 60315.**—Belgard & Frank, Inc., et al. v. United States, protests 286973–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 59105, the merchandise was held dutiable as follows: (1) The items marked with the letter "A" at 10 percent under the provision in paragraph 1528, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52836), for imitation semiprecious stones, faceted, and (2) the items marked with the letter "B" at 30 percent under the provision in said paragraph, as modified by T. D. 51802, supplemented by T. D. 51898, for imitation semiprecious stones, not faceted.

**No. 60316.**—Gematex Corporation v. United States, protest 267131–K (New York).

Opinion by WILSON, J. The protest was dismissed.

BEFORE THE SECOND DIVISION, NOVEMBER 1, 1956

**No. 60317.**—W. X. Huber Co. v. United States, protests 591898–G, etc. (Los Angeles).

Opinion by RAO, J. At the trial, it was stipulated that the merchandise at bar is of the same class or kind as that involved in the cases of Brin Bros. & Senegram v. United States (22 Cust. Ct. 127, C. D. 1170) and Abstract 58204.